PER CURIAM.
This cause is before the Court in contempt proceeding upon a rule to show cause and a stipulation of facts which is treated as a return. The Court having heard additional testimony and argument of counsel makes the following findings of fact:
1. As a part of its findings of fact, the Court adopts the stipulation entered into, the parties agreeing as follows:
(a) The defendant, Roger Allen Schwartz, was employed by the Supreme Court of Florida on the sixth day of February, 1973, and served in the capacity of Research Aide to Justice Joseph A. Boyd, Jr., a member of the Court, from the date of his employment through the month of December, 1973, terminating his services with the Court as of March 31, 1974.
(b) Among the duties of defendant was the responsibility for studying cases on appeal and preparing written summaries of the issues involved, the facts and the authorities relied on by the parties in support of the respective positions. Such summaries serve the purpose of informing the members of the Court regarding the nature of the appeal prior to hearing oral argument.
(c) Among other duties of defendant was the responsibility for researching questions of law in appeals assigned to Justice Boyd after oral argument to aid in the preparation of opinions, and to render assistance to the Justice in the formulation and drafting of such opinions.
(d) Defendant knew, or should have known, that case summaries prepared by Research Aides were for the exclusive use for members of the Court, the contents of which were not to be divulged to any source outside of the Court without proper authorization, but were to be treated in a strictly confidential manner.
(e) That on or about December 4, 1973, without prior authorization, defendant removed from the Supreme Court memoranda, which he knew, or *356 should have known, were confidential, consisting of case summaries relating to the pending appeals of Jones v. State [Fla., 289 So.2d 385] (Case No. 44,528) and Slaughter v. State (Case Nos. 43,-490 and 43,500) ; and thereupon delivered these memoranda to personal friends of his in their hotel room at Tallahassee, Florida, knowing that these friends were attorneys representing the litigants in said appeals, and knowing further that these friends were in the final stage of preparing their oral argument scheduled to be presented to the Supreme Court on the following morning of December 5, 1973.
(f) That on or about December 4, 1973, at the time when the defendant did act as set forth in paragraph (e), supra, the defendant knew that in his capacity as a member of the Court, he could be assigned research duties relating to the cases of Jones v. State [289 So.2d 385] (Case No. 44,528) and Slaughter v. State (Case Nos. 43,490 and 43,500).
2. Supplementary to the stipulation of fact, the Court finds that Roger Allen Schwartz knew that the summaries should not have been delivered to the lawyers involved in the litigation.
3. As an additional finding of fact, the Court adopts the first charge or paragraph in the rule to show cause, which reads as follows:
“1. On or about December 4, 1973, you removed from the Supreme Court of Florida confidential memoranda, known by you to be confidential, relating to Jones v. State [289 So.2d 385] (Case No. 44,528) and Slaughter v. State (Case Nos. 43,490 and 43,500); thereupon, you delivered to personal friends in their hotel room these memoranda, knowing that these friends represented litigants in said cases, and knowing further that they were in the final stages of preparing their arguments before the Court in these cases.”
The above facts constitute contempt and the Court finds that Roger Allen Schwartz is in contempt of the Supreme Court of Florida.
The defendant was informed of the finding against him and was asked whether he had any cause to show why judgment should not be entered and sentence be pronounced. The defendant offered matters in mitigation and the Court considered the age of Roger Allen Schwartz, the apologies which he made, and his admission of his misconduct, which of course is a great step toward rehabilitation. In view of all of the circumstances and the matters presented in mitigation, the Court withholds any adjudication of guilt of contempt.
Under the authority vested in this Court by Fla.Const., art. V, § 15, F.S.A., the Court considered this matter as a disciplinary matter in lieu of any proceedings before a Grievance Committee of The Florida Bar.
This Court does hereby administer a public reprimand to Roger Allen Schwartz for having abused the privileges and authority given him as a Research Aide. This public reprimand shall remain on his record as a member of The Florida Bar.
The said Roger Allen Schwartz is placed on probation for a period of two years beginning July 24, 1974, for the purpose of giving this Court an opportunity to observe his future professional conduct.
As a condition of this probation, it is the further order of the Court that Roger Allen Schwartz be required to file a report with the Clerk of this Court every six months, such report to be prepared by his immediate supervisor or by the senior partner of any law firm with which he may practice, or the Chief Judge of his Circuit Court. Such report shall contain a statement as to his professional conduct and shall be filed with this Court for the purpose of determining whether or not the *357 said Roger Allen Schwartz is abiding by the Canons of Professional Ethics.
The jurisdiction of the subject matter of this cause and the party Roger Allen Schwartz is reserved for a period of two years so that additional punishment may be imposed if the exigencies of the record should require or permit.
It is so ordered.
ADKINS, C. J., and ROBERTS, ERVIN, McCAIN and OVERTON, JJ., concur.